UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>18-60143-Cr-Moreno/Seltzer</u>

UNITED STATES OF AMERICA

v.

DUSTIN ALLEN HUGHES,
           Defendant.
_____/

## **PLEA AGREEMENT**

The Office of the United States Attorney for the Southern District of Florida (hereinafter referred to as "this Office") and Dustin Allen Hughes (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 3 of the indictment. Count 3 charges the defendant with obstruction of persons in the free exercise of religious beliefs through the threatened use of a dangerous weapon and explosive, in violation of 18 U.S.C. § 247(a)(2) and (d)(3).

2. This Office agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a

**U.S. v. Dustin Allen Hughes**
**Plea Agreement – Page 1**
**June 27, 2018**

Assistant United States Attorney
Attorney for Defendant
Defendant

Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns; and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to Count 3 of the indictment, the defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000, and may order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

U.S. v. Dustin Allen Hughes  
Plea Agreement – Page 2  
June 27, 2018

Assistant United States Attorney _MO_  
Attorney for Defendant _OR_  
Defendant 

6.     This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  However, this Office will not be required to make these sentencing recommendations if the defendant: (a) fails or refuses to make full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (d) fails

U.S. v. Dustin Allen Hughes
Plea Agreement – Page 3
June 27, 2018

Assistant United States Attorney
Attorney for Defendant
Defendant

to make a full and accurate disclosure of his financial affairs to this Office and the Probation Office, including disclosure of all assets/monies which can be used to satisfy any financial penalty imposed in this case.

8. In addition to the provisions of the previous paragraph of this agreement, which set forth the defendant's eligibility for a downward adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, this Office and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the application of the advisory sentencing guidelines in this case:

   a. Section 2H1.1 of the Sentencing Guidelines is the offense guideline applicable to the offense of conviction in this case.

   b. Pursuant to Section 2H1.1(a)(1), the offense guideline for threatening or harassing communications under Section 2A6.1 of the Sentencing Guidelines constitutes an offense guideline applicable to an underlying offense and thus is applicable to the defendant's offense of conviction and offense conduct in this case.

   c. Pursuant to Section 2A6.1(a), the defendant's base offense level is 12.

   d. Because the offense involved more than two threats, the defendant qualifies for a 2-level upward specific offense characteristic under Section 2A6.1(b)(2).

   e. The facts of the defendant's conduct, as set forth in the factual basis in support of the defendant's entry of the defendant's guilty plea, establish beyond reasonable doubt that the defendants selected the members of the Jamaat Ul Muttaqeen Mosque as the victims of the offense because of their religion and ethnicity. Accordingly, the defendant

U.S. v. Dustin Allen Hughes
Plea Agreement – Page 4
June 27, 2018

Assistant United States Attorney
Attorney for Defendant
Defendant

qualifies for a 3-level upward adjustment pursuant to Section 3A1.1(a) of the Sentencing Guidelines.

9. The defendant understands and acknowledges that if following the defendant's entry of the defendant's guilty plea in this matter, the defendant engages in conduct that qualifies as obstruction of justice under Section 3C1.1 of the Sentencing Guidelines, this Office may seek a two-level upward adjustment under Section 3C1.1.

10. Although not binding on the Probation Office or the Court, this Office and the defendant agree:

    a. not to seek any specific offense characteristics under Chapter 2 of the Sentencing Guidelines, other than those provided for in this Plea Agreement; and

    b. not to seek any upward or downward adjustments under Chapter 3 of the Sentencing Guidelines, other than those provided for in this Plea Agreement.

11. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty

U.S. v. Dustin Allen Hughes
Plea Agreement – Page 5
June 27, 2018

Assistant United States Attorney
Attorney for Defendant
Defendant

regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization or removal from the United States.

12. By signing this plea agreement, the defendant certifies that he has read it or has had it read to him. The defendant acknowledges that he has discussed the terms of this plea agreement with his attorney(s) and fully understands its meaning and effect. The defendant confirms that he is guilty of the offense(s) to which he is pleading guilty; that his decision to plead guilty is the decision that he has made; and that nobody has forced, threatened, or coerced him into pleading guilty. The defendant affirms that he has discussed this matter thoroughly with his attorney(s). The defendant further affirms that his discussions with his attorney(s) have included discussion of possible defenses that he may raise if the case were to go to trial, as well as possible issues and arguments that he may raise at sentencing. The defendant additionally affirms that he is satisfied with the representation provided by his attorney(s). The defendant accordingly affirms that he is entering into this agreement knowingly, voluntarily, and intelligently.

13. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept

**U.S. v. Dustin Allen Hughes**
Plea Agreement – Page 6
June 27, 2018

Assistant United States Attorney
Attorney for Defendant
Defendant

a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by both the defendant and this Office.

14. This **7-page** agreement is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 6/28/2018     By: *[signature]*
MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

Date: 6/28/18     By: *[signature]*
DANIEL ECARIUS
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 6/22/18     By: *[signature]*
DUSTIN ALLEN HUGHES
DEFENDANT

U.S. v. Dustin Allen Hughes
Plea Agreement – Page 7
June 27, 2018

Assistant United States Attorney MD
Attorney for Defendant  OE
Defendant  DH